IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| CHARLIE J. STRONG III, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV04-581-C-EJL |
| | ) | |
| vs. | ) | **MEMORANDUM ORDER** |
| | ) | |
| THE DIRECTOR OF THE STATE OF | ) | |
| IDAHO DEPT. OF CORRECTION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court in this civil rights case are Defendant's Motion to Dismiss (Docket No. 6) and Defendant's Motion for Summary Judgment (Docket No. 7). Judge Williams previously ordered a stay of discovery in this case until these motions could be resolved. Having reviewed the parties' arguments, as well as the record in this case, the Court enters the following Order.

**I.**

MEMORANDUM ORDER   1

# BACKGROUND

On October 18, 1999, Plaintiff was sentenced to five years of incarceration. The Idaho Department of Correction (IDOC) received notice of the sentence and calculated Plaintiff's release date as November 11, *2003*.

On December 7, 1999, the trial court judge in Plaintiff's case signed a Second Amended Judgment, giving him credit for earlier time served in a state hospital. This changed Plaintiff's release date to November 18, *2002*. IDOC claims to have had no notice of this Second Amended Judgment or the new release date. Plaintiff has provided an Affidavit from a court clerk indicating that it was mailed to IDOC. See Docket No. 15.

On July 10, 2003, Plaintiff notified IDOC that he should have been released on November 18, 2002. IDOC released Plaintiff the same day it received notification. Plaintiff seeks $1 million in damages for being incarcerated for 243 days beyond his sentence completion date.

Plaintiff previously filed a state court action to obtain damages for the 243-day time period. That case was dismissed. Plaintiff then filed this federal civil rights action against the Director of the State of Idaho Department of Correction, Thomas Beauclair.

# II.

## DEFENDANT'S MOTION TO DISMISS AND

**MEMORANDUM ORDER 2**

## ALTERNATIVE MOTION FOR SUMMARY JUDGMENT

### A.      Standard of Law Governing Motions to Dismiss

A complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  In reviewing a case for dismissal, the Court is required to treat all allegations of material fact as true and to construe them in a light most favorable to the non-moving party.  *Id.* (quoting *Western Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir. 1985), *cert. denied*, 474 U.S. 1056 (1986)).

### B.      Standard of Law Governing Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of the case.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In a motion for summary judgment, the moving party bears the "initial burden of identifying for the court those portions of the record which demonstrate the absence of any genuine issues of material fact." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)).  If the moving party points to portions of the record demonstrating that there appears to be no

**MEMORANDUM ORDER   3**

genuine issue of material fact as to claims or defenses at issue, the burden of production shifts to the non-moving party. To meet its burden of production, the non-moving party "may not rest upon the mere allegations contained in his complaint, but he must set forth, by affidavits, exhibits or otherwise, specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56; *see T.W. Electric Serv*., 809 F.2d at 630 (internal citation omitted).

Rule 56(c) requires the Court to enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 377 U.S. at 322. The existence of a scintilla of evidence in support of the non-moving party's position is insufficient. Rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby*, 477 U.S. at 252.

The Ninth Circuit has recently clarified that, in the context of a summary judgment motion, the district court must follow the analytical framework of Rule 56 when a defendant asserting qualified immunity has challenged the truth of the facts alleged in the Complaint:

> [I]f a defendant moving for summary judgment has produced enough evidence to require the plaintiff to go beyond his or her pleadings, the plaintiff must counter by producing evidence of his or her own. If in that circumstance the plaintiff fails to produce evidence, the district court is not required (or even allowed) to assume that the challenged factual allegations in the plaintiff's complaint are true. Similarly, if in that circumstance the plaintiff produces evidence that is not enough, by itself, to create a genuine issue of material fact, the district court is not required (or even allowed) to assume the truth of challenged allegations in the complaint in order to supplement that evidence. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160-61 (1970); *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc*., 210 F.3d 1099, 1102-03 (9th Cir. 2000). If discovery has been curtailed by the district court because the defendant has

>asserted official immunity from suit, the district court may to some extent relax the evidentiary standards for the plaintiff in recognition of the restrictions on discovery, but the requirement that the plaintiff produce evidence nonetheless remains. *See DiMartini v. Ferrin*, 889 F.2d 922, 926-27 (9th Cir. 1989).

*Butler v. San Diego Dist. Attorney's Office*, 370 F.3d 956, 963 (9th Cir. 2004).

### C.  Defendant's Eleventh Amendment Defense

The United States Supreme Court has determined that the Eleventh Amendment generally prohibits litigants from bring suits against states, state agencies, and state officials acting in their official capacity. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993). When a plaintiff is seeking damages against a state official, the Court construes the complaint as an individual capacity suit because an official capacity suit for damages would be barred. *See Cerrato v. San Francisco Community College Dist.*, 26 F.3d 968, 973 n.16 (9th Cir. 1994). Accordingly, in this case, Plaintiff's claims shall be construed as personal capacity claims against Defendant Beauclair. Dismissal is not required.

### D.  First, Fourth, and Sixth Amendment Claims

The Court agrees that the facts as stated in the Amended Complaint do not support a First or Sixth Amendment claim. Under the narrow circumstances of the incident complained of, the Court concludes that amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000). These claims are dismissed.

A claim that an inmate is being held beyond his full-term release date can be alleged

**MEMORANDUM ORDER - 5**

as a Fourth Amendment claim to be free from unlawful seizure. *See Gragg v. McKune*, 16 P.3d 311, 314 (Kan. Ct. App. 2000). Because Defendant has provided no briefing on whether an adequate state remedy would bar such a claim, *see id.*, the Court will not dismiss the claim at this time.

**E.     Defendant Beauclair's Defense of "No Knowledge"**

Defendant Beauclair has submitted his Affidavit stating that he had no personal knowledge of Plaintiff or Plaintiff's sentence during the time period in question. Beauclair argues that Plaintiff's Amended Complaint should be dismissed because Plaintiff has not alleged that Beauclair had such personal knowledge, a requirement of a § 1983 claim. In *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), the court explained:

> Liability under section 1983 arises only upon a showing of personal participation by the defendant. *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.1979). A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983.

Plaintiff can cure the deficiency in the Amended Complaint by filing another amendment asserting personal participation, if any such facts exist. Plaintiff wishes to conduct discovery to determine the extent of Beauclair's knowledge of Plaintiff and his sentence, but has not

**MEMORANDUM ORDER   6**

yet had the opportunity to do so.  Accordingly, summary judgment on this issue is not warranted at the present time.  *See* Fed. R. Civ. P. 56(f).

## F.     Qualified Immunity Defense

Defendant Beauclair also asserts entitlement to qualified immunity because he had no personal knowledge of Plaintiff or Plaintiff's sentence during the time period in question.  In § 1983 actions, the doctrine of qualified immunity protects state officials from personal liability for on-the-job conduct so long as the conduct is objectively reasonable and does not violate an inmate's clearly-established federal rights.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citations omitted).  Contrarily, a state official may be held personally liable in a § 1983 action if he knew or should have known that he was violating a plaintiff's clearly-established federal rights.  *Id*.  True to its dual purposes of protecting state actors who act in good faith and redressing clear wrongs caused by state actors, the qualified immunity standard "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

The threshold issue in a qualified immunity analysis is whether the facts alleged by Plaintiff, if true, would establish a constitutional violation.  *Saucier v. Katz*, 533 U.S. 194 (2001).  It is well settled that incarcerating an inmate beyond his full-term release date is a violation of the Eighth Amendment when such incarceration is the product of deliberate

indifference.[1]  *Haygood v. Younger*, 769 F.2d 1350, 1354-55 (9th Cir. 1985) (*en banc*). Three elements are required to state such a claim:

> First [the plaintiff] must show that the prison official knew of his problem and thus of the risk that he was being or would be subjected to unwarranted punishment.  Second, the plaintiff must show either that the official failed to act or took action that was ineffectual under the circumstances, thereby indicating that he was deliberately indifferent to the plaintiff's plight.  Finally, the plaintiff must show a causal connection between the official's conduct and the unjustified detention.

*Russell v. Lazar*, 300 F.Supp.2d 716, 720 (D. Wis. 2004) (relying on *Moore v. Tartler*, 986 F.2d 682 (3d Cir. 1993)).

Upon the foregoing elements, Plaintiff's claim will *not* meet the threshold test of *Saucier* if he cannot show that Defendant had any knowledge of Plaintiff or his sentence. A person cannot be deliberately indifferent to a situation of which he is unaware.

However, Plaintiff asserts that he needs to conduct at least some discovery in order to properly respond to the summary judgment motion.  The Supreme Court has held that, in most cases, discovery should not proceed until the issue of qualified immunity is determined by the court, in order to avoid burdening public officials with costly and time-consuming litigation.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Rulings on the qualified immunity defense "should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive," inasmuch as the defense is "an *immunity from suit* rather than a mere defense to liability."  *Saucier v. Katz,* 533 U.S. at 200-

---

[1] The Court also notes that the Fourteenth Amendment may be a basis for a § 1983 claim for being held beyond one's release date.  See discussion in *Russell v. Lazar*, 300 F.Supp. 2d 716, 721-23 (D. Wis. 2004).

**MEMORANDUM ORDER  8**

01.

In rare cases, "limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity." *Crawford-El v. Britton*, 523 U.S. 574 n.14 (1998) (citations omitted). Likewise, the Ninth Circuit, noting that the court has wide discretion in staying discovery, has determined that plaintiffs do not have the right to conduct broad discovery in a civil rights action until the immunity issue is decided, but that they are entitled to conduct limited discovery where discovery can affect the immunity decision. *See Little v. City of Seattle*, 863 F.2d 681 (9th Cir. 1988). Particularly, plaintiffs may propound discovery "concerning issues that bear upon the qualified immunity defense, such as the actions that the [defendant] official actually took. . . ," if such information is unknown to plaintiffs. *Crawford-El*, 523 U.S. at 599-600.

While it appears that Plaintiff is entitled to some limited discovery to respond to Beauclair's qualified immunity defense, the Court will continue in place the stay granted by Judge Williams for the reason that it appears that res judicata may dispose of all of the claims in this case. For purposes of judicial efficiency, and to preserve the "immunity from suit" purpose of the qualified immunity defense, the Court will first consider Beauclair's res judicata defense.

**G.    Res Judicata**

Res judicata prevents parties from re-litigating causes of action which were finally decided in a previous suit. Res judicata is an affirmative defense which may be used in federal court to give preclusive effect to prior state court judgments. *See* 28 U.S.C. § 1738

**MEMORANDUM ORDER   9**

(federal courts must afford full faith and credit to state judicial proceedings); *Allen v. McCurry*, 449 U.S. 90 (1980) (federal courts hearing § 1983 actions must give *collateral estoppel* preclusive effect to state court judgments); *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75 (1984) (federal courts hearing § 1983 actions must give *res judicata* preclusive effect to state court judgments). To determine whether a state judgment should have preclusive effect in a federal action, federal courts apply the state's rules governing preclusion. *See Migra*, 465 U.S. at 83-85.

Idaho law provides that the party asserting res judicata as an affirmative defense bears the burden of establishing all of the essential elements thereof by a preponderance of the evidence. *Foster v. City of St. Anthony*, 841 P.2d 413, 420 (Idaho 1992). "Under the principle of res judicata or claim preclusion, judgment on the merits in a prior proceeding generally bars relitigation between the same parties or their privies on the same cause of action." *D.A.R., Inc., v. Sheffer*, 997 P.2d 602, 605 (Idaho 2000) (citing *Yoakum v. Hartford Fire Ins.*, 923 P.2d 416 (Idaho 1996)). The doctrine of res judicata applies only to final judgments on the merits. *Systems Associates, Inc., v. Motorola Communications and Electronics, Inc.*, 778 P.2d 737, 739 (Idaho 1989) (federal court's interlocutory order was not given preclusive effect).

**MEMORANDUM ORDER   10**

Idaho has adopted the "transactional" approach to res judicata, which means that "[i]n an action between the same parties upon the same claim or demand, the former adjudication concludes parties and privies not only as to every matter offered and received to sustain or defeat the claim but also as to every matter which might and should have been litigated in the first suit." *Weldon v. Bonner County Tax Coalition*, 855 P.2d 868, 872 (Idaho 1993) (relying on *Diamond v. Farmers Group*, 804 P.2d 319, 323 (1990)). Under a res judicata scheme similar to Idaho's and a set of facts similar to Plaintiff's, the Third Circuit held that an employee of the state department of correction, who was a defendant in the second action, was considered to be the same as or in privity with the department of correction, who had been the defendant in a prior action; consequently, the employee defendant was entitled to claim the benefit of res judicata. *Jones v. Holvey*, 29 F.3d 828, 830 (3d Cir. 1994). In addition, "although res judicata may not apply unless both individuals were parties to a previous judgment, the doctrine of collateral estoppel may remain applicable when the doctrine is used defensively and the party against whom the doctrine is asserted litigated the relevant issue with vigor in the action resulting in the prior judgment." *Shea v. Bader*, 638 P.2d 894, 896 (Idaho 1981).

Plaintiff earlier filed a complaint in state district court regarding the same incident. In the complaint, he sued Nez Perce County and the Idaho Department of Correction. His claims were based upon the United States Constitution, the Idaho Constitution, and the Idaho Tort Claims Act. The state district court granted Nez Perce County's motion for summary judgment on all claims against the county. The court granted IDOC's motion for summary

**MEMORANDUM ORDER   11**

judgment in part as to all constitutional claims against IDOC, but denied summary judgment on the state law negligence claims. The Court later granted summary judgment in favor of IDOC on the negligence claims and dismissed the entire suit. *See Defendant's Statement of Undisputed Fact* (Docket No. 6 -13).

While Defendant has provided the state court's order granting summary judgment, the order does not specify the reasons therefor; rather, the order states only that the order was entered "for the reasons articulated at hearing." *See State Court Order* (Exhibit #11 to Docket No. 6). Defendant did not provide a transcript of the hearing or a judgment reflecting whether the dismissal was with or without prejudice. Without this information, the Court cannot determine whether judgment on the merits was entered by the state court. Therefore, summary judgment on this point is denied without prejudice. If Defendant wishes to file supplemental documents providing this information, the Court will reconsider summary judgment.

### III.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (Docket No. 6) or Alternative Motion for Summary Judgment (Docket No. 7) are GRANTED in part and DENIED in part, as follows:

   A.   Defendant's Eleventh Amendment defense is moot.

   B.   Plaintiff's First and Sixth Amendment claims are dismissed.

   C.   Defendant's qualified immunity claim is reserved until after the res judicata

defense is resolved.

D.     Defendant's res judicata defense is denied without prejudice.

IT IS FURTHER HEREBY ORDERED that the Interim Motion to Continue (Docket No. 14) is MOOT.

IT IS FURTHER HEREBY ORDERED that if Defendant wishes to reassert entitlement to summary judgment on res judicata grounds, and provide additional state court documents to support his defense, he shall do so no later than **July 15, 2005**.  Plaintiff may thereafter respond, and Defendant may file a reply.

IT IS FURTHER HEREBY ORDERED that the Motion for Protective Order (Docket No. 18) is GRANTED to the extent specified above.  The stay of discovery shall remain in place until the res judicata issue is resolved.  If Defendant does not intend to reassert that he is entitled to summary judgment on res judicata grounds, he shall notify the Court so that limited discovery can proceed on the qualified immunity issue.

DATED:  **June 15, 2005**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER   13**