IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

CHARLIE J. STRONG III,                    )
                                          )
                Plaintiff,                )        Case No. CV04-581-C-EJL
                                          )
vs.                                       )        **MEMORANDUM ORDER**
                                          )
THE DIRECTOR OF THE STATE OF              )
IDAHO DEPT. OF CORRECTION,                )
                                          )
                Defendants.               )
_____      )

Pending before the Court in this civil rights case is remaining Defendant Beauclair's

renewed Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Docket

Nos. 6-1, 6-2, 24-1, and 24-02).  The Motion is now fully briefed.  The Court has determined

that oral argument is unnecessary.  Having reviewed the parties' written arguments, as well

as the record in this case, the Court enters the following Order.

# I.

## BACKGROUND

On October 18, 1999, Plaintiff was sentenced to five years of incarceration. The Idaho

Department of Correction (IDOC) received notice of the sentence and calculated Plaintiff's

release date as November 11, *2003*.

On December 7, 1999, the trial court judge in Plaintiff's case signed a Second Amended Judgment, giving him credit for earlier time served in a state hospital. This changed Plaintiff's release date to November 18, *2002*. IDOC claims to have had no notice of this Second Amended Judgment or the new release date. Plaintiff has provided an Affidavit from a court clerk indicating that it was mailed to IDOC. See Docket No. 15.

On July10, 2003, Plaintiff notified IDOC that he should have been released on November 18, 2002. IDOC released Plaintiff the same day it received notification. Plaintiff was incarcerated for 243 days beyond his sentence completion date.

Plaintiff filed a state court action against the County and State to obtain damages for the 243-day time period. *See Charlie J. Strong III v. Nez Perce County, Idaho and State of Idaho Dept. of Correction*, Nez Perce County Case No. CV-03-02773. In that case, the state court granted summary judgment in favor of IDOC on all of Strong's claims based on the state and federal constitutions. *See Transcript Attached to Roger Gabel Affidavit*, Exhibit A, at p. 5 (Docket No. 25). The state court later entered an order dismissing Strong's remaining state tort claim against IDOC, which is not at issue here. In the state court's order denying Plaintiff's motion to alter or amend, the state court again reiterated that the state and state entities could not be sued under § 1983. *See State Court Order Attached to Roger Gabel Affidavit*, Exhibit B (Docket No. 25). However, the state court did not expressly state whether the dismissals were with or without prejudice.

**MEMORANDUM ORDER 2**

## II.

## DEFENDANT'S MOTION TO DISMISS AND
## ALTERNATIVE MOTION FOR SUMMARY JUDGMENT

**A.    Standard of Law Governing Motions to Dismiss**

A complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a case for dismissal, the Court is required to treat all allegations of material fact as true and to construe them in a light most favorable to the non-moving party. *Id*. (quoting *Western Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir. 1985), *cert. denied*, 474 U.S. 1056 (1986)).

**B.    Standard of Law Governing Summary Judgment**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). Rule 56(c) requires the Court to enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and

**MEMORANDUM ORDER   3**

on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**C.     Res Judicata Defense**

    1.     <u>Law</u>

Res judicata prevents parties from re-litigating causes of action which were finally decided in a previous suit.  Res judicata is an affirmative defense which may be used in federal court to give preclusive effect to prior state court judgments.  *See* 28 U.S.C. § 1738 (federal courts must afford full faith and credit to state judicial proceedings); *Allen v. McCurry*, 449 U.S. 90 (1980) (federal courts hearing § 1983 actions must give *collateral estoppel* preclusive effect to state court judgments); *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75 (1984) (federal courts hearing § 1983 actions must give *res judicata* preclusive effect to state court judgments).  To determine whether a state judgment should have preclusive effect in a federal action, federal courts apply the state's rules governing preclusion.  *See Migra*, 465 U.S. at 83-85.

Idaho law provides that the party asserting res judicata as an affirmative defense bears the burden of establishing all of the essential elements thereof by a preponderance of the evidence.  *Foster v. City of  St. Anthony*, 841 P.2d 413, 420 (Idaho 1992).  "Under the principle of res judicata or claim preclusion, judgment on the merits in a prior proceeding generally bars relitigation between the same parties or their privies on the same cause of

**MEMORANDUM ORDER   4**

action." *D.A.R., Inc., v. Sheffer*, 997 P.2d 602, 605 (Idaho 2000) (citing *Yoakum v. Hartford Fire Ins*., 923 P.2d 416 (Idaho 1996)).

The doctrine of res judicata applies only to final judgments on the merits. *Systems Associates, Inc., v. Motorola Communications and Electronics, Inc*., 778 P.2d 737, 739 (Idaho 1989) (federal court's interlocutory order was not given preclusive effect). A dismissal for failure to state a claim under 12(b)(6) is a judgment on the merits to which res judicata applies. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981). In addition, Idaho Rule of Civil Procedure 41(b) provides that if an order does not specify whether dismissal is with or without prejudice, it is deemed to be a dismissal on the merits unless it is a dismissal for lack of jurisdiction or failure to join an indispensable party.

Idaho has adopted the "transactional" approach to res judicata, which means that "[i]n an action between the same parties upon the same claim or demand, the former adjudication concludes parties and privies not only as to every matter offered and received to sustain or defeat the claim but also as to every matter which might and should have been litigated in the first suit." *Weldon v. Bonner County Tax Coalition*, 855 P.2d 868, 872 (Idaho 1993) (relying on *Diamond v. Farmers Group*, 804 P.2d 319, 323 (1990)).

Res judicata does not apply where the parties in the two suits are sued in different capacities. "A party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity." *Andrews. v. Daw*, 201 F.3d 521 (4th Cir. 2000) (quoting Restatement (Second of Judgments § 36(2) (1982)). The *Andrews* court

MEMORANDUM ORDER   5

further explained the differences in the context of suits against governmental officials:

> Because the real party in interest in an official-capacity suit is the entity, a plaintiff can only recover damages from the entity itself, in contrast to a personal-capacity suit, in which a plaintiff can seek a judgment against the official's personal assets. Furthermore, different legal theories of liability are required for the plaintiff, and different defenses are available to the defendant, in a personal-capacity action than in an official-capacity action. These differences indicate that a governmental official in his official capacity does not represent "precisely the same legal right" as he does in his individual capacity."

*Id.* at 525 (citations omitted). Similarly, under Idaho law, in order for a party to be in privity with a party to a prior suit, the party in the later suit must "derive[] [its] interest from the one who was a party to [the prior suit]." *Weldon*, 855 P.2d at 872 (citation omitted). In *Weldon*, the court determined that res judicata did not apply because the elected officials represented the interests of the people of Bonner County in the second suit, and did not derive their interest from Bonner County, acting through its Board of County Commissioners, who had been a party in the first suit. *Id.* at 872-73. *See also Gubler By and Through Gubler v. Brydon*, 867 P.2d 981, 984 (Idaho 1994) ("To establish privity, Brydon and Hardin must show that they derived a direct interest in the outcome of the former litigation from the prior defendants.").

### 2.   Discussion

The Court now reviews the facts in the record to determine whether Defendant has shown that there was (1) a prior judgment on the merits (2) between the same parties or privies (3) on the same cause of action. The Court is also mindful that res judicata extends to all claims that could have been brought in the prior action between the same parties or

**MEMORANDUM ORDER   6**

privies.

Based upon the state court record,   Defendant Beauclair has satisfied the first element of res judicata by showing by a preponderance of the evidence that the prior judgment against IDOC was a judgment on the merits.  The state court dismissed the claim because IDOC was not a "person" under § 1983.  The law is clear that a claim dismissed for failure to state a claim is a dismissal on the merits.  In addition, the dismissal of IDOC qualifies as a dismissal on the merits under I.R.C.P. 41(b).

The next element is whether the two cases were against the same parties or their privies.  In the previous suit, Plaintiff sued the State and County.  Plaintiff has recently clarified that, in this case, he is suing Thomas Beauclair, Director of IDOC, in his personal capacity.  *See Plaintiff's Response to Motion*, at p. 6 (Docket No. 27).[1]  Because the claim against Defendant Beauclair is for damages from Beauclair's personal assets and not from the State, Beauclair's personal interests are clearly separate from, and not derivative of, the State's interests.  Therefore, the Court concludes that Beauclair, in his personal capacity, is not in privity with the State.  Res judicata does not apply to bar the present individual capacity claims against Beauclair.  Accordingly, summary judgment in favor of Beauclair is not warranted.

---

[1]The Court previously determined that Plaintiff could not proceed against IDOC and the State of Idaho on Eleventh Amendment grounds.

**MEMORANDUM ORDER  7**

## III.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's renewed Motion to Dismiss and Alternative Motion for Summary Judgment (Docket Nos. 6-1, 6-2, 24-1, and 24-2) are DENIED.

IT IS FURTHER HEREBY ORDERED that the Court's Scheduling Order of March 2, 2005, is altered as follows.

A.      Defendant's Answer shall be filed no later than **January 31, 2006.**

B.      Initial disclosures shall take place no later than **February 28, 2006.**

C.      Amendment of pleadings shall occur on or before **March 31, 2006.**

D.      The parties shall contact Denise Asper, ADR Director, in writing at 550 West Fort Street, MSC 042, Boise, ID  83724, no later than **March 31, 2006**, to determine an appropriate type of ADR and date for ADR to occur in this case. ADR shall occur no later than **December 22, 2006.**

E.      The final discovery deadline is **July 31, 2006.**

F.      Motions for Summary Judgment (including those renewing the defenses previously brought for which Plaintiff required additional discovery) shall be filed no later than **August 31, 2006.**

G.      The trial date of November 7, 2006, is hereby VACATED.  Trial shall be

rescheduled if this case is not disposed of by summary judgment or ADR.


DATED:  **January 6, 2006**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER   9**