IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| CHARLIE J. STRONG III, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV04-581-C-EJL |
| | ) | |
| vs. | ) | **MEMORANDUM ORDER** |
| | ) | |
| THE DIRECTOR OF THE STATE OF | ) | |
| IDAHO DEPT. OF CORRECTION,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court are Plaintiff's Motion for Appointment of Guardian ad

Litem for Plaintiff and Vacation of Scheduling Order (Docket No. 35) and Defendant

Thomas Beauclair's Renewed Motion for Summary Judgment (Docket No. 44).

**I.**

**PLAINTIFF'S MOTION FOR APPOINTMENT OF
GUARDIAN AD LITEM FOR PLAINTIFF AND
VACATION OF SCHEDULING ORDER**

Plaintiff filed his Complaint through Counsel Jerry V. Smith on November 11,

2004.  *See Docket No. 1*.  Plaintiff filed a Notice of Substitution of Counsel, substituting

Attorney Ned A. Cannon as counsel of record on May 22, 2006.  *See Docket No. 33*.  It

---

[1]  The Court clarifies that the proper defendant in this case is former Director Thomas
Beauclair, not current Director Vaughn Killeen.

MEMORANDUM ORDER  1

has now been two years since the original Complaint was filed.  In addition, Plaintiff

previously pursued a state court action on the same subject matter.

Plaintiff is mentally ill and asks that his uncle be appointed his guardian, and that

his new counsel and his uncle be given additional time to investigate the facts underlying

his cause of action.  However, Plaintiff has had more than ample opportunity to develop

his claims that arose from an incarceration that ended in July 2003, over three years ago.

The Court previously denied Defendant's Motion for Summary Judgment in order to

provide Plaintiff with additional discovery time.  Plaintiff has pursued discovery.

Plaintiff does not particularly state how his uncle has any additional facts that he could

not have already contributed to the case, or how his uncle would be able to help

"investigate" anything further at this late date.  Because it is clear that Defendant

Beauclair is entitled to summary judgment on Plaintiff's claims and because Plaintiff's

counsel has had adequate time to investigate Plaintiff's claims, the Court concludes that it

would be futile to appoint a guardian or allow additional discovery time.  Therefore, the

Motions shall be denied.

## II.

## BACKGROUND

On October 18, 1999, Plaintiff was sentenced to five years of incarceration. The

Idaho Department of Correction (IDOC) received a judgment of conviction and

sentencing and calculated Plaintiff's release date as November 11, *2003*.

On December 7, 1999, the trial court judge in Plaintiff's case signed a Second

**MEMORANDUM ORDER   2**

Amended Judgment, giving him credit for earlier time served in a state hospital. This

changed the calculation of Plaintiff's release date to November 18, *2002*. The IDOC

claims to have had no notice of this Second Amended Judgment. Plaintiff has provided

an Affidavit from Court Clerk Teresa Hildreth indicating that the Second Amended

Judgment was mailed to the IDOC in accordance with the clerk's normal practice;

however, there is no written record of the mailing. *See Affidavit of Teresa Hildreth*, at p.

1 (Docket No. 15). The state court does not normally affix a mailing certificate to such

documents, and Hildreth has no knowledge of whether the copy was ever received by the

IDOC. *See id.*, at pp. 1-2.

On October 10, 2002, Plaintiff filed a Petition for Commutation with the Idaho

Commission of Pardons and Parole. In the Petition, he stated that his release date was

November 11, 2003, and he requested a reduction of nine months from his full sentence

so that he could be released on February 11, 2003. *Affidavit of Ned Cannon* (Docket No.

46-6, Exhibit E). That request was denied. There is no evidence showing that the

Commission had notice of the Amended Judgment, which would lead to a calculated

release date of November 18, 2002. The Parole Commission is separate from the

sentencing department. *See Carolee Kelly Deposition Transcript*, at p. 43 (Docket No.

46-3, Exhibit B).

**MEMORANDUM ORDER   3**

On July10, 2003, Plaintiff notified his social worker, Karen Wirgau, that he should

have been released on November 18, 2002.  The social worker notified the IDOC

sentencing specialists, and the IDOC released Plaintiff the same day it received

notification.  Plaintiff was incarcerated for 233 days beyond his sentence completion date.

Kalani Adams, the sentencing specialist who reviewed Plaintiff's release claim and

provided for his release, documented the incident and transaction as follows:

> [On] 7/10/03[,] I rec'd a call from Karen Wirgau (ICIO) @ 1300 hrs,
> concerning an order inmate Charley Strong brought to her and we did not
> have a copy in the central file.  I advised her to fax it to us so we can
> determine the authenticity and amend our record as needed.
>
> Upon receipt of the amended credit order I verified that we didn't
> have a copy in our file and central file.  The court was called, (Pam) J.
> Kerrick's clerk, she verified he should have received credit for 709 days on
> order dated 9/17/01.  I explained to Pam that we did not receive a copy and
> the inmate provided us with this one.  (Theresa) J. Kerrick's secretary said
> they do not have any record of certificate of mailing, nor do they have
> record of it being sent to central records or the institution.
>
> I amended the record to reflect the 709 days jail credit as ordered.
> His original FTRD was 11-11-03.  Recalculation now reflects 11-18-02.  A
> gold seal was immediately issue[d], Karen Wirgau & Bobbie Onley was
> [sic] notified to release the inmate.

*Affidavit of Ned Cannon* (Docket No. 46-4, Exhibit C).

At the time of the Strong incident, the chain of command at IDOC related to

sentencing releases was as follows.  Kalani Adams, the sentencing specialist who fielded

the call from Karen Wirgau and handled Strong's release, reported to a lead worker,

Carolee Kelly.  Kelly reported to a sentencing supervisor, Pat Ogden (Carolee Kelly later

took over Ogden's job). Ogden or Kelly in turn reported to Manager Dennis Dean, who

**MEMORANDUM ORDER   4**

reported to Deputy Administrator Sharon Lamb, who reported to an unnamed

administrator, who reported to Director Beauclair.  *Affidavit of Ned Cannon (Carolee*

*Kelly Deposition Transcript)*, at pp. 6-8 & 45-46 (Docket No. 46-3, Exhibit B).

Prior to filing his federal case, Plaintiff filed a state court action against the County

and State to obtain damages for the 233-day time period.  *See Charlie J. Strong III v. Nez*

*Perce County, Idaho and State of Idaho Dept. of Correction*, Nez Perce County Case No.

CV-03-02773.  In that case, the state court granted summary judgment in favor of the

IDOC on all of Strong's claims based on the state and federal Constitutions.  *See*

*Transcript Attached to Roger Gabel Affidavit* (Docket No. 25, Exhibit A, at p. 5).  The

state court later entered an order dismissing Strong's remaining state tort claim against the

IDOC, not at issue here.  In the state court's order denying Plaintiff's motion to alter or

amend, the state court again reiterated that the state and state entities could not be sued

under § 1983.  *See State Court Order Attached to Roger Gabel Affidavit* (Docket No. 25,

Exhibit B).  However, the state court did not expressly state whether the dismissals were

with or without prejudice.  In this action, Plaintiff has been permitted to proceed against

former IDOC Director Thomas Beauclair in his individual capacity.

**MEMORANDUM ORDER   5**

## III.

## DEFENDANT'S RENEWED MOTION
## FOR SUMMARY JUDGMENT

A.      Standard of Law

Summary judgment is appropriate where "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there

is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Material facts are those which may

affect the outcome of the case.  *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248

(1986).

In a motion for summary judgment, the moving party bears the "initial burden of

identifying for the court those portions of the record which demonstrate the absence of

any genuine issues of material fact."  *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors

Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp v. Catrett*, 477 U.S. 317,

322 (1986)).  If the moving party points to portions of the record demonstrating that there

appears to be no genuine issue of material fact as to claims or defenses at issue, the

burden of production shifts to the non-moving party.  To meet its burden of production,

the non-moving party "may not rest upon the mere allegations contained in his complaint,

but he must set forth, by affidavits, exhibits or otherwise, specific facts showing that there

is a genuine issue for trial."  Fed. R. Civ. P. 56; *see T.W. Electric Serv*., 809 F.2d at 630

(internal citation omitted).

**MEMORANDUM ORDER   6**

The Court does not determine the credibility of affiants or weigh the evidence set forth by the non-moving party.  All inferences that can be drawn from the evidence must be drawn in a light most favorable to the nonmoving party.  *T.W. Elec. Serv.*, 809 F.2d at 630-31 (internal citation omitted).

Rule 56(c) requires the Court to enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  The existence of a scintilla of evidence in support of the non-moving party's position is insufficient.  Rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]."  *Anderson v. Liberty Lobby*, 477 U.S. at 252.

The Ninth Circuit has recently clarified that, in the context of a summary judgment motion, the district court must follow the analytical framework of Rule 56 when defendants asserting qualified immunity have challenged the truth of the facts alleged in the Complaint:

> [I]f a defendant moving for summary judgment has produced enough evidence to require the plaintiff to go beyond his or her pleadings, the plaintiff must counter by producing evidence of his or her own.  If in that circumstance the plaintiff fails to produce evidence, the district court is not required (or even allowed) to assume that the challenged factual allegations in the plaintiff's complaint are true.  Similarly, if in that circumstance the plaintiff produces evidence that is not enough, by itself, to create a genuine issue of material fact, the district court is not required (or even allowed) to assume the truth of challenged allegations in the complaint in order to supplement that evidence.  *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160-61 (1970); *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000).

**MEMORANDUM ORDER   7**

*Butler v. San Diego Dist. Attorney's Office*, 370 F.3d 956, 963 (9th Cir. 2004).

**B.     Discussion**

Defendant Thomas Beauclair, former Director of the IDOC, asserts entitlement to

summary judgment on Plaintiff's Fourth, Eighth, and Fourteenth Amendment claims on

several grounds.

1.     Personal Involvement and Respondeat Superior

To state a claim under § 1983, a plaintiff must allege a violation of rights protected

by the Constitution or created by federal statute proximately caused by conduct of a

person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir.

1991). In *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), the court outlined the

requirements for a finding of proximate causation:

> Liability under section 1983 arises only upon a showing of personal
> participation by the defendant. *Fayle v. Stapley*, 607 F.2d 858, 862 (9th
> Cir.1979). A supervisor is only liable for constitutional violations of his
> subordinates if the supervisor participated in or directed the violations, or
> knew of the violations and failed to act to prevent them. There is no
> respondeat superior liability under section 1983.

Here, Defendant Beauclair has submitted an Affidavit stating that (1) he was

personally unaware of the Second Amended Judgment, (2) he was not personally

involved in monitoring the release date of any inmate, including Strong, and (3) in his

position as Director, he had no personal involvement in releasing inmates, including

Strong. *Beauclair Affidavit* (Docket No. 6, at ¶¶ 6-8). Plaintiff has produced no evidence

that Beauclair was personally involved in Charley Strong's incarceration, sentence, or

**MEMORANDUM ORDER   8**

release.  Personal involvement is a required element of a § 1983 case.  As a result of this

deficiency in Plaintiff's case, Beauclair is entitled to summary judgment on all of

Strong's claims alleging liability as a result of Beauclair's personal involvement.  *See*

*Green v. Baca*, 306 F.Supp. 2d 903, 907 n.30 (D.Ca. 2004) (where plaintiff was detained

for 7 days beyond his release date, the sheriff could not be held individually liable where

the sheriff had no personal involvement in the hold over detention).

      2.      Eighth Amendment Deliberate Indifference Claim

Plaintiff also asserts that Beauclair is liable for failure to train and supervise the

IDOC employees in charge of sentence calculation.  Plaintiff shows that one other inmate,

Mr. Hernandez, was erroneously retained in prison for two to three years after his

sentence completion date.  Plaintiff also contends that Beauclair was deliberately

indifferent for failing to conduct an investigation and create new procedures after the

Hernandez incident.

In order to show that Beauclair violated Plaintiff's Eighth Amendment rights,

Plaintiff must show that Beauclair was deliberately indifferent to Plaintiff's right to be

released at the end of his sentence by knowing or having reason to know of a pattern of

late releases and failing to take steps to correct the problem.  Plaintiff can point to only

*one* prior IDOC incident of holding a prisoner past his release date.  That incident is

described as follows:

> There was one individual by the name of Hernandez that was kept
> past his discharge date because the Court had issued two documents with
> two different case numbers on those documents.  And later they discovered

**MEMORANDUM ORDER   9**

that one of the case numbers did not belong to him.  So, we did not know
that that case did not belong to him.

*Affidavit of Ned Cannon (Carolee Kelly Deposition Transcript)*, at pp. 30-31 (Docket No.

46-3, Exhibit B).  After the incident, Ms. Kelly was called to the Director Beauclair's

office to explain what happened.  *Id*. at p. 34.  As far Ms. Kelly knows, there was no

further internal investigation done in the Hernandez matter.  *Id*. at p. 33.

This single instance is not enough to show that Defendant Beauclair was

deliberately indifferent to Plaintiff's right to be released in a timely manner.  In *Estate of*

*Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 382-83 (5th Cir.

2005), the court explained what it takes to show deliberate indifference in such a

circumstance:

> We have stressed that a single incident is usually insufficient to
> demonstrate deliberate indifference.  In *Cousin v. Small*, for example, we
> held that "[t]o succeed on his claim of failure to train or supervise" the
> plaintiff must demonstrate deliberate indifference, which usually requires a
> plaintiff to "demonstrate a pattern of violations. " Similarly, in *Snyder v.*
> *Trepagnier*, we held that "proof of a single violent incident ordinarily is
> insufficient" for liability.  Rather, the "plaintiff must demonstrate 'at least a
> pattern of similar incidents in which the citizens were injured.' "
> Moreover, a showing of deliberate indifference requires that the Plaintiffs
> "show that the failure to train reflects a 'deliberate' or 'conscious' choice to
> endanger constitutional rights."

*Id*. at 382-83.  The Fifth Circuit also stressed that "[c]laims of inadequate supervision *and*

claims of inadequate training both generally require that the plaintiff demonstrate a

pattern."  *Id*. at 383 n.34 (emphasis added).

**MEMORANDUM ORDER   10**

In *Long v. County of Los Angeles*, 442 F.3d 1178, 1187 (9th Cir. 2006), a Ninth

Circuit case which addressed municipal liability rather than personal liability, the court

stated that a plaintiff "might succeed in proving a failure-to-train claim without showing a

pattern of constitutional violations where 'a violation of federal rights may be a highly

predictable consequence of a failure to equip law enforcement officers with specific tools

to handle recurring situations,'" citing *Board of County Commissioners of Bryan County,*

*Oklahoma v. Brown*, 520 U.S. 397, 409 (1997).  In *Brown*, the Supreme Court explained:

> The likelihood that the situation will recur and the predictability that an
> officer lacking specific tools to handle that situation will violate citizens'
> rights could justify a finding that policymakers' decision not to train the
> officer reflected "deliberate indifference" to the obvious consequence of the
> policymakers' choice-namely, a violation of a specific constitutional or
> statutory right.

520 U.S. at 409.

In Beauclair's case, there is nothing showing that Inmate Hernandez's holdover

(resulting from the court issuing a wrongful case number to Hernandez) made it such that

Beauclair should have recognized that holding other inmates over their sentences would

be a "highly predictable consequence" if he failed to make a change in the sentencing

specialists' policies and procedures.  Plaintiff argues that there was no internal

investigation conducted by Beauclair and no additional procedures put in place after the

Hernandez incident to protect against wrongfully holding over other inmates.  However,

Plaintiff has not shown that there was a likelihood that other inmates (including mentally

ill inmates) would suffer the same consequences – in fact, after Plaintiff's discovery, the

*only* wrongful holdover inmate case they could find was Plaintiff Strong, which cuts

against Strong's argument that Beauclair was deliberately indifferent by failing to train or

supervise staff or change the policies and procedures used by the IDOC sentencing

specialists. Two known cases of wrongful holdovers among all the inmates who have

been released from the IDOC – including mentally ill inmates who have been released –

is a rather impressive record. Further, the sentencing specialists immediately researched

Strong's release date issue and released him the same day he raised the issue.

The Court also rejects Plaintiff's contention that the IDOC relies solely on the

inmate himself to safeguard sentence calculations; rather, the IDOC relies heavily on the

courts who issue the sentences. In addition, Plaintiff, who was mentally ill, had a social

worker assigned to him who aided him in bringing the sentencing issue to the sentencing

specialists' attention. Further, the IDOC has an extensive policy governing sentence

calculations that appears to have worked adequately in all but two cases. *See Affidavit of*

*Ned Cannon* (Docket No. 46-5, Exhibit D). Finally, there are no facts showing a culpable

state of mind on any involved employee's part; if anything, the holdover resulted from

mere negligence, and it was corrected immediately upon notice of the error.

In essence, Plaintiff is arguing that a system of "double-checking," was warranted

by the Hernandez incident. However, because of the low incidence of sentence release

errors, his argument fails under a constitutional standard. Because there is no evidence of

deliberate indifference or causation in the record, Beauclair is entitled to summary

judgment on Plaintiff's Eighth Amendment claim.

**MEMORANDUM ORDER   12**

3.      Fourth Amendment Claim

Defendant Beauclair argues that Plaintiff's Fourth Amendment claim fails as a

matter of law.  Defendant's contention is supported by a number of cases that come to the

same conclusion – that the United States Supreme Court has not expanded the Fourth

Amendment "to include postconviction incarceration," but has limited it to "pretrial

deprivations of liberty."  *Torres v. McLaughlin*, 163 F.3d 169, 174 (3d Cir. 1998); *Brooks*

*v. George County, Mississippi*, 84 F.3d 157, 166-67 (5th Cir. 1996); *Pierce v. Gilchrist*,

359 F.3d 1279, 1296 n.11 (10th Cir. 2004).  Plaintiff agrees with Defendant's contention

that the Fourth Amendment does not apply to postconviction incarceration.  *See*

*Plaintiff's Response*, at p. 2 n.1 (Docket No. 45).  Accordingly, Defendant Beauclair is

entitled to summary judgment on the Fourth Amendment claim.

4.      Fourteenth Amendment Claim

The United States Supreme Court has determined that "the protections of the Due

Process Clause, both substantive and procedural, may be triggered when the State, by the

affirmative acts of its agents, subjects an involuntarily confined individual to deprivations

of liberty which are not among those generally authorized by his confinement."

*DeShaney v. Winnebago County Dept. of Soc. Servs.*, 489 U.S. 189, 200 n.8 (1989).  See

also *Brass v. County of Los Angeles*, 328 F.3d 1192, 1200 (9th Cir. 2003) (municipal

liability case) ("[Inmates] may have . . . a due process right to be released within a

reasonable time after the reason for his detention ended," citing *Baker v. McCollan*, 443

U.S. 137, 144-46 (1979)); *see also Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)

**MEMORANDUM ORDER   13**

(citation omitted) ("[A]n individual has a liberty interest in being free from incarceration absent a criminal conviction."); *Haygood v. Younger*, 769 F.2d 1350, 1356-57 (9th Cir. 1985) (discussing procedural due process implications of untimely release).

The Supreme Court has made it clear that "the protections of the Due Process Clause of the Fourteenth Amendment, whether procedural or substantive, are *not* triggered by lack of due care by prison officials." *Davidson v. Cannon*, 474 U.S. 344, 348 (1986) (emphasis added).   The *Davidson* Court explained:

> In *Daniels* [*v. Williams*, 474 U.S. 327 (1986)], we held that the Due Process Clause of the Fourteenth Amendment is not implicated by the lack of due care of an official causing unintended injury to life, liberty, or property.  In other words, where a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required.

*Id*., 474 U.S. 348.  In *Daniels*, the Court reserved the question of "whether something less than intentional conduct, such as recklessness or 'gross negligence,' is enough to trigger the protections of the Due Process Clause." *Whitely  v. Albers*, 475 U.S. 312, 327 (1986) (quoting *Daniels*, 474 U.S. at 334 n.3).

In addition, the Ninth Circuit emphasized in *Brass* that *causation* is an essential element of a due process claim:

> [A] public official is liable under § 1983 only if he *causes* the plaintiff to be subjected to deprivation of his constitutional rights," *[Baker v. McCollan,* 443 U.S.] at 142, 99 S.Ct. 2689 (citation and internal quotation marks omitted), and . . . "[s]ection 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Id.* at 146, 99 S.Ct. 2689.

328 F.3d at 1200.

**MEMORANDUM ORDER   14**

Considering the foregoing standards of law, the Court concludes that Plaintiff has brought forward no evidence showing that Defendant Beauclair was grossly negligent, reckless, or deliberately indifferent in his training, supervision, and policy-making regarding the sentencing specialists; nor did he cause Plaintiff to be incarcerated past his full-term release date.  Absent the elements of mental culpability and causation, Plaintiff cannot prevail against Beauclair under a § 1983 Fourteenth Amendment due process claim, either procedural or substantive.

5.      Qualified Immunity

Finally, Defendant Beauclair asserts entitlement to qualified immunity.  The threshold question in considering application of the qualified immunity defense is whether, "[t]aken in the light most favorable to the party asserting the injury, . . . the facts alleged show the [defendant's] conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001) (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)).  In § 1983 actions, the doctrine of qualified immunity protects state officials from personal liability for on-the-job conduct so long as the conduct is objectively reasonable and does not violate an inmate's clearly-established federal rights.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citations omitted). A state official may be held personally liable in a § 1983 action if he knew or should have known that he was violating a plaintiff's clearly-established federal rights.  *Id.*

As set forth above, Plaintiff has not shown that Defendant Beauclair had any involvement or knowledge regarding Plaintiff's incarceration release dates; nor has

**MEMORANDUM ORDER   15**

Plaintiff shown any culpable state of mind regarding Defendant Beauclair's training, supervision, or policy-making regarding the sentencing specialists in charge of calculating Plaintiff's sentence.  As a result, Plaintiff case fails under the first prong of *Saucier*, and the court need not proceed further in the qualified immunity analysis.

## C.   Conclusion

Because Plaintiff has failed to make a showing sufficient to establish the existence of  elements essential to his case, and on which he will bear the burden of proof at trial, Defendant Beauclair is entitled to summary judgment.  *See Celotex*, 477 U.S. at 322. Accordingly, the case shall be dismissed with prejudice.

## IV.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Guardian at Litem for Plaintiff (Docket No. 35) is DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for Vacation of Scheduling Order (Docket No. 35) is DENIED.

IT IS FURTHER HEREBY ORDERED that Defendants' Renewed Motion for Summary Judgment (Docket No. 44) is GRANTED.  Plaintiff's Complaint is dismissed with prejudice.

DATED:  **November 16, 2006**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER   16**